IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIE KEVIN WILLIAMS | ) | |
| AIS #173816, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:09-CV-519-ID |
| | ) | [WO] |
| | ) | |
| ALABAMA DEPT. OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Willie Kevin Williams ["Williams"], a state inmate, challenges the constitutionality of his confinement pursuant to a sentence imposed upon him for a 2003 criminal offense.  Specifically, Williams argues that reliance by correctional officials on a fifteen-year sentence imposed upon him by the Circuit Court of Baldwin County, Alabama on October 19, 2006 as the basis for his incarceration is improper because the trial court originally imposed only a sentence of ten years for the offense.  In support of this argument, Williams complains that on October 19, 2006 "the Circuit Court of Baldwin County [erroneously] increased his sentence [on case number CC-03.407.70] to 15 years from a Revocation that was dismissed in open Court...."  *Plaintiff's Complaint - Court Doc. No. 1* at 1.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II. DISCUSSION

Williams asserts "that the court[] sentenced [him] to one sentence [of 10 years] but ... [after proceedings on October 19, 2006] sent an Order [to correctional officials] for [him] to serve another sentence [under CC-03.407.70] which was (15) years." *Plaintiff's Complaint - Court Doc. No. 1* at 2. Williams complains that correctional officials are relying on the 15-year sentence submitted by the Circuit Court of Baldwin County, Alabama to calculate his release date which has resulted in a release date greater than the original term of his sentence. Thus, the claims presented to this court go to the fundamental legality of the length of Williams' current incarceration and, therefore, provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be

---

[1]The court entered an order granting Williams leave to proceed *in forma pauperis* in this cause of action. *Order of June 16, 2009 - Court Doc. No. 4.* Consequently, Williams must have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487.  The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  512 U.S. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory [and injunctive] relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 ..." unless the prisoner can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus.  *Balisok*, 520 U.S. at 645.  Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id*. at 649.

3

Williams challenges the constitutionality of his confinement with respect to the length of a sentence imposed upon him by the Circuit Court of Baldwin County, Alabama. A judgment in favor of Williams on this complaint would necessarily imply the invalidity of the length of his incarceration based on this sentence. The record of this court does not demonstrate that the sentence and resulting confinement about which the plaintiff complains have been invalidated in an appropriate proceeding. Consequently, the instant collateral attack is prohibited and subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii). It is further

ORDERED that on or before June 29, 2009, the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that

---

[2]The plaintiff is advised that if he seeks to challenge the terms of the sentence(s) imposed upon him by the Circuit Court of Baldwin County, Alabama, he may do so by filing a 28 U.S.C. § 2254 petition for habeas corpus relief in the United States District Court for the Southern District of Alabama which is located in Mobile, Alabama.

this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of June, 2009.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

5